## O. E. STEVENS v. J. R. MORRIS.

Judgment was rendered by a district court against S. individually, on a note signed by him as "superintendent" of a company. On writ of error sued out by S. it is *held* that in the absence of a statement of facts this court cannot determine that it was error for the court below to treat the affix "superintendent" as mere *descriptio personœ*.

ERROR from Harris. Tried below before the Hon. James Masterson.

Morris brought suit against Stevens and several other defendants, alleging them to be partners dealing under the name of "The Houston Car Company," and averred in his petition that he was the "owner and holder of a certain promissory note, made, executed and delivered by the defendants by their authorized agent, O. E. Stevens, as superintendent of the said Houston Car Company, to plaintiff, on or about the first day of July, 1861, in form and substance as follows, to-wit:

"$954.80.                    HOUSTON, July 1, 1861.

"Six months after date we promise to pay to the order of J. R. Morris, at Houston, nine hundred and fifty-four $\frac{80}{100}$ dollars, value received, with interest at ten per cent from date.

"HOUSTON CAR COMPANY,

(Signed)                    "O. E. STEVENS, Supt."

The petition proceeded to allege that "said note was executed by the defendants by their authorized agent, the said O. E. Stevens, superintendent of same, and was so received by plaintiff; whereby defendant became liable and promised to pay," etc.

Judgment was recovered against Stevens alone, in November, 1870. Pleas of *non est factum* were interposed for the other defendants, and it may be inferred that they escaped under these pleas; but there being no

statement of facts, the record does not disclose what transpired at the trial.

After the close of the term, Stevens filed his bill for a new trial, and for an injunction *ad interim*, on the ground of surprise, etc., in the rendition of the judgment. The judge of the court, however, refused the injunction, for want of equity in the bill, and because Stevens had a legal remedy by writ of error.

Errors are assigned by Stevens to this action of the judge, as well as to the judgment itself. The error principally relied on appears to have been that the individual judgment against the plaintiff in error was not responsive to, or supported by, the allegations of the petition.

*Crank & Wilson*, for the plaintiff in error.

*Stewart & Barziza*, for the defendant in error.

WALKER, J.—This case is brought to us on writ of error, sued out by Stevens alone. It is a bill of review, in the nature of a motion for a new trial, and it is complained that the judgment does not correspond with the pleadings. The note sued on was executed by Stevens as superintendent of the Houston Car Company, and he is described in the petition as superintendent and agent of said company. Other parties are also sued with him.

The judgment is against Stevens individually. The court may have treated the words superintendent and agent as only *descriptio personæ*, and in no way intending to change the liability of the defendant Stevens. We are unable to say whether the note sued on was the note of Stevens or of the Car Company, and there is no statement of facts in this record to enlighten us on this subject.

The judgment against Stevens may or may not be correct. There are no parties before us but Stevens and Morris. It is therefore unnecessary, and would indeed be improper, for us to comment on the other branches of the case.

The judgment of the district court is affirmed.

AFFIRMED.